Angel L. ALVAREZ–SANCHEZ,
et al., Plaintiffs, Appellants,

v.

Jose E. APONTE DE LA TORRE, etc.,
et al., Defendants, Appellees.

No. 93–1150.

United States Court of Appeals,
First Circuit.

Heard Sept. 8, 1993.

Decided Sept. 29, 1993.

---

**582**

Armando Cardona–Estelritz with whom Isidro Garcia Pesquera Law Offices, Rio Piedras, PR, was on brief, for plaintiffs, appellants.

Jacqueline D. Novas–Debien with whom Carlos Lugo Fiol, Acting Sol. Gen., Reina Colon De Rodriguez, Acting Deputy Sol. Gen., San Juan, PR, Pedro Juan Perez Nieves and Saldana, Rey & Alvarado, Hato Rey, PR, were on brief, for defendants, appellees.

Before SELYA, Circuit Judge, ALDRICH and COFFIN, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

This 42 U.S.C. § 1983 action was commenced on June 27, 1991, and was dismissed as out of time. We affirm.

Defendant, mayor of Carolina, Puerto Rico, determined that a large number of municipal employees had been hired as career employees by procedures that did not comply with the Puerto Rico Personnel statute. On May 23, 1989 he wrote each one a basically form letter to that effect, but stating that recipient employee could request a hearing in 15 days to seek to show error in the records. If a hearing was not requested, or if the hearing was unsuccessful, the employee would be discharged, but would be given provisional employment during which he or she could appeal, or apply for new employment. The present twelve plaintiffs obtained hearings, but were unsuccessful. Thereafter, during the summer of 1989, each received a letter from defendant mayor notifying him or her of that fact and stating that severance "shall be effective" one week from the date of the letter. They were told they could apply for new employment, but none did. Plaintiffs were continued as provisionals until July 23, 1990, at which time all were totally terminated. They sue for their loss of career employment.

On defendants' motion for summary judgment the court held that the May 23, 1989 letters were sufficient notification of discharge to start the one year statute of limitations, rejecting plaintiffs' claim of July, 1990. We concur in the judgment, but do so without reaching plaintiffs' contention that the May letters were ambiguous and not to be read as definite. Even were that so, the letters sent in the summer of 1989 were unmistakably clear, and were nearly two years before suit.

 Plaintiffs' sole answer is that the court did not rely on the 1989 summer letters. This neglects the elementary principle that if a court's result is correct it must be affirmed even though the court gave a wrong reason.[1] *Brown v. Allen*, 344 U.S. 443, 459, 73 S.Ct. 397, 408, 97 L.Ed. 469 (1953). Persisting in this error, plaintiffs refused to include the summer letters, and the pretrial order that admitted their receipt, in their appendix, even though the court ordered them to do so.[2] Instead, in their brief, plaintiffs brazenly refer to the July 23, 1990 let-

---

1. We doubt that the court erred as to the very lengthy May letters, but need not pursue analysis.

2. Defendants, as well as having to supplement the appendix, have had to bring four motions. Plaintiffs continually failed to file their brief, and failed to make proper service, or to comply with an order to explain their insufficient appendix. The court referred defendants' request for sanctions to the sitting panel, and so advised plaintiffs.

ters as "a second series of letters" rather than as the third.

This appeal is worse than frivolous, and counsel's conduct calls for sanctions against him personally, pursuant to Fed.R.App.P. 38, as damages and for vexatious conduct, in the amount of $2,500, payable to defendants, and not to be waived.

*Affirmed, with double costs.*